HUGH C. WATSON v. CAROLINA PORTLAND CEMENT COMPANY.

.[46 South. 707.]

CHATTEL MORTGAGES. *Deeds of trust. Proceeds of sale. Priority of rights.*

The trustee under a deed of trust or chattel mortgage is entitled to the proceeds of the property on a sale by the grantor, as against a creditor whose judgment was obtained after the deed was given and recorded; the proceeds standing in place of the property.

FROM the circuit court of Washington county.

HON. SYDNEY SMITH, Judge.

The cement company, appellee, was plaintiff in the court below and the Mississippi Stone Manufacturing Company was defendant there. A judgment having been rendered in plaintiff's favor against the defendant, money was impounded to which Watson, appellant, made claim, and from a judgment against him he appealed to the supreme court. Appellee caused a writ of garnishment to be issued on its enrolled judgment against the stone company, summoning one Alexander as garnishee. The garnishee answered, stating that he was in possession of $230 of money, the proceeds of a sale of certain personal property, and suggested that appellant, Watson, as trustee, had a claim thereto, and prayed that he be cited to interplead. Watson, as trustee,

being cited, claimed the funds, setting up that prior to the rendition of the judgment in favor of appellee the Mississippi Stone Manufacturing Company had conveyed to him, as trustee in a deed of trust duly executed and recorded, certain personal property, and that the money in the hands of the garnishee was the proceeds of the sale of said property made by the mortgagor; that there was owing and unpaid under the mortgage more money than is sought to be subjected to the writ of garnishment. The answer being traversed and issue joined, the case went to trial, and a judgment was rendered against the garnishee for the amount of funds in his hands. Upon a trial of the claimant's issue, propounded by Watson, the court gave a peremptory instruction for the appellee, and entered judgment against appellant. Appellant based his claim upon the fact that he was trustee in the deed of trust mentioned, and entitled to the money garnished, because it was the proceeds of the sale of the property made by the grantor in the deed of trust.

*H. C. Watson, in propria persona.*

In the case at bar there is no dispute as to the following facts: that the title to the property sold to Hecker was in appellant as trustee under the trust deed with condition broken; that the trust deed was recorded long prior to the rendition of the judgment upon which the garnishment writ ran; that the proceeds of the sale of the property in the hands of Alexander, garnishee, was not his money, but was the proceeds of the property sold, its identity being absolutely established.

Says the court in the case of *Boyle v. Manion,* 74 Miss. 572, 21 South. 530: "If the trees on the land in question had been felled and removed from the land and piled up, or converted into lumber, each party claiming possession of it, the defendant could have interpleader, and when it is converted into money and the money in sight, and each party claiming it, he ought to be allowed to escape vexation and expense of two suits or three suits."

So in the case at bar, if the property in question had been levied on in attachment by appellee and the appellant as trustee· had claimed it after interpleader filed, would there have been any doubt as to the trustee recovering in this action? Then if he could recover the property itself, why not the proceeds as in the case with the timber above mentioned? The title to the· property was just as much in the appellant as trustee as was the· title to the.timber in the case of *Boyle v. Manion, supra.*

An action at the suit of appellant as trustee would lie for the value of the property sold to the purchaser thereof. That being true he would have the right to the funds paid therefor under the sale under interpleader. The right of the trustee to· sue for property so sold is well established in this state. *Lowenburg v. Jones,* 56 Miss. 688; *Pollard v. Thomas,* 61 Miss. 150.

The fact that there might have been other property covered by the trust deed did not prevent appellant as trustee from pursuing that which was sold or the proceeds arising from said sale in the case at bar. *Black v. Robinson,* 61 Miss. 54; *Barlow v. Britlain,* 70 Miss. 427, 12 South. 460.

Even if the court of law in an interpleader were to attempt to marshal securities, it would have been incumbent on appellee to have shown by evidence that appellant as trustee held more than enough property to pay the indebtedness secured by the trust deed.

It is not material that the claims to the funds in question propounded by appellant and appellee arise out of different transactions, the one being by title through the trustee and the other by garnishment in the nature of an execution. *Yarborough v. Thompson,* 3 Smed. & M. 291.

It was argued by attorneys for appellee that because the sale of the property was made by the Mississippi Stone Manufacturing Company to Hecker, the trustee would be compelled to pursue the property and not the funds realized from the sale of the

property.   The first three cases cited above will completely answer this position.

*Wynn & Wasson,* for appellee.

The issue is clearly defined.   The appellee is entitled to the fund.   It represented the equity of redemption.   The fund belonged to the judgment debtor, the Mississippi Stone Manufacturing Company.   It had been turned over by Rosenstock to Alexander, and Alexander was garnished.   The claim of appellant is based solely upon his being the trustee in the deed of trust, and that the deed of trust has not been satisfied.   The Mississippi Stone Manufacturing Company had the right to sell the stone and the machine to Hecker, even if this were an ordinary deed of trust, for the sale would pass only the equity of redemption owned by it, and would not affect the rights of the beneficiaries in the deed of trust or of the trustee therein. The property sold remained subject to the deed of trust just as if the same had never been sold.   Code 1892, § 2449, which first appeared in the Code of 1857 and has been the law since the adoption of that Code, fixes the rights of the parties.   Under that section the equity of redemption of a mortgagor, or of a grantor in a deed of trust, may be sold by him or sold under execution against him.   *Carpenter v. Brown,* 42 Miss. 28; *Vicksburg R. Co. v. McCutchen,* 52 Miss. 645; *Byrd v. Clark,* 52 Miss. 623.

The equity of redemption in realty may be sold by the mortgagor, or grantor in a deed of trust, even if condition be broken, at any time before the realty is sold under the mortgage or deed of trust, or may be sold under execution against him.   The equity of redemption of a mortgagor, or grantor in a deed of trust of personalty may be sold by him, or under execution against him, even if condition be broken, at any time before demand is made for enforcement of rights under the mortgage or deed of trust.   *Buck v. Payne,* 52 Miss. 279; *Helm v. Gray,* 59 Miss. 58; *Black v. Robinson,* 61 Miss. 58.

WHITFIELD, C. J., delivered the opinion of the court.

The trust deed in this case was prior to the judgment, and constituted, of course, a prior lien on the property embraced in the trust deed, which was sold by the mortgagor. The amount received for the property subject to the trust deed stood in the place of that property, and the trustee, the appellant, had a prior right to the fund. It is perfectly manifest from the record that it was not any equity of redemption that was sold or attempted to be sold, but that the effort was to sell the whole property; but, whatever was attempted, the thing was subject to the trust deed, and the money arising from the sale of the thing stands in the place of the thing sold.

Wherefore the judgment is reversed, and the cause remanded.

*Reversed.*