(85 South. 487)

PEOPLE'S BANK OF MOBILE v. LENOIR et al. (1 Div. 142.)

(Supreme Court of Alabama. May 14, 1920.)

1. Injunction ⟳118(4)—Bill must show equity.

A bill without equity will not support an injunction.

2. Chattel mortgages ⟳281 — Remedy of mortgagee in respect of promise of lessee to indemnify mortgagor.

Where mortgagor of a barge, anticipating possible loss thereof in the hands of a lessee, took a promise of the lessee to pay a fixed sum upon that contingency, and the barge was lost, if there was created a debt to the beneficiary of the promise to pay the sum stipulated, the mortgagee's remedy was in an action at law against the promisors who undertook to give the indemnity desired in the agreement, and not a suit to enjoin the collection of judgments against the lessee and to have substituted certain money for the barge and to foreclose the mortgage; the contract between the mortgagor and the lessee indicating no purpose on the part of any of the parties to undertake to substitute a stipulated sum for the barge in the mortgage.

3. Chattel mortgages ⟳277—Pleading insufficient to show that certain money was substituted for mortgaged property.

In an action to have certain money substituted for mortgaged property and to foreclose a mortgage, an averment in the complaint that "the said sum of $2,500, which represents the value of said barge," is but an allegation that the sum stated is the equivalent, but has no tendency to assert that the sum stated is the proceeds of a "sale" of the barge, or is money that was set apart to make good an assurance given by a lessee of the barge to the mortgagor-lessor that on loss of the barge a certain amount of money would be paid.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill by the People's Bank of Mobile against J. B. Lenoir and the members composing the firm of the Lenoir Machinery & Wrecking Company, the Walsh Stevedoring & Contracting Company, the Alabama Fuel & Iron Company, Adam Glass & Co., and Palmer Pillans, to enjoin the collection of certain judgments, to substitute certain money for a barge, and to foreclose a mortgage. From a decree dissolving the temporary injunction, because of want of equity in the bill, complainant appeals. Affirmed.

Inge & Kilborn, of Mobile, for appellant.

Jernigan had no more than a mere equity of redemption in the barge; the legal title vesting absolutely in the bank. 50 Ala. 388; 52 Ala. 62; 71 Ala. 110; 71 Ala. 271; 73 Ala. 155; 104 Ala. 383, 16 South. 23; 8 Ala. App. 440, 62 South. 308. Any agreement made by Jernigan for the use of the barge would be for the benefit of the bank, if it ratified the agreement. 82 Ala. 330, 3 South. 28; 61 Neb. 20, 84 N. W. 408, 87 Am. St. Rep. 447. The bank had an equitable lien. 10 N. J. Eq. 323; 159 Iowa, 149, 140 N. W. 401; 34 Okl. 500, 125 Pac. 1131, 43 L. R. A. (N. S.) 302. The following cases are very much in point: 46 South. 707; 171 Ala. 420, 55 South. 100.

Stevens, McCorvey & McLeod and D. B. Goode, all of Mobile, for appellees.

Injunctions are not granted unless the bill contains equity, and there is an extraordi-

nary occasion. 201 Ala. 150, 77 South. 574; 144 Ala. 402, 39 South. 317; 141 Ala. 664, 37 South. 922; 2 Stew. 414; 189 Ala. 181, 66 South. 50; 173 Ala. 182, 55 South. 793; 73 South. 406. The bill did not contain equity. 37 Ala. 687; 59 Ala. 283; 108 Ala. 586, 18 South. 524; 113 Ala. 276, 21 South. 213; High on Injunctions, §§ 131, 1403, 1334.

McCLELLAN, J. [1] This appeal is from an order or decree granting motion to dissolve an injunction restraining the movant, Alabama Fuel & Iron Company, from proceeding, through legal processes in a court of law, to enforce the satisfaction of a judgment obtained by the movant against its creditor, the Lenoir Machinery & Wrecking Company, and the individuals composing it, one of whom is James W. Jernigan. Among the grounds of the motion was that the bill as last amended was without equity. A bill without equity will not support an injunction. McHan v. McMurry, 173 Ala. 182, 187, 55 South. 793; Pearson v. Duncan, 198 Ala. 25, 28, 73 South. 406, 3 A. L. R. 242; Hamilton v. Ala. Power Co., 195 Ala. 438, 448, 70 South. 737.

The trial court based its conclusion to dissolve upon the ground that the bill was without equity. The presently material facts disclosed by the amended bill will be stated. On July 21, 1914, J. W. Jernigan executed to J. K. Glennon a mortgage to secure an indebtedness to later mature. The mortgage was seasonably recorded in the probate office of Mobile county. The mortgage covered, among other properties, a barge called "Blue Rock No. 4." On the same day this mortgage was assigned to the complainant, the People's Bank of Mobile. Jernigan defaulted in the payment of the indebtedness secured by the mortgage; and he and the People's Bank agreed that he "should take possession" of the barge and manage its operation. Without the knowledge or consent of the bank, Jernigan "leased" the barge to the Lenoir Machinery & Wrecking Company, composed of Lenoir, Holifield, and himself. The agreement of "lease" contained the stipulation that, if the barge was lost or destroyed pending the term of the "lease," the company would pay Jernigan the sum of $2,250. The barge was lost or destroyed, within the contemplation of the agreement recited. The bank avers that this agreement of "lease" was made by Jernigan as the agent of the bank, which was the then holder and owner of the legal title to the barge, the law day of the mortgage having passed; and that the bank, immediately upon hearing of the loss of the barge, ratified the unauthorized agreement made by its agent, Jernigan, and elected to take the benefit of the agreement conditioned upon the loss of the barge. The fourth paragraph of the amended bill is, so far as necessary to present con-

sideration and omitting other concerns claiming judgments, etc., as follows:

"Fourth. That the Alabama Fuel & Iron Company, * * * claiming to have judgments in the circuit court of Mobile county, Ala., against the said James W. Jernigan, sued out writs of garnishment which were served on the said J. B. Lenoir, James W. Jernigan, and Palmer Pillans; that the said Palmer Pillans now has in his hands the sum of $2,500 which he holds subject to said writs of garnishment; that the said sum of $2,500 so held by the said Palmer Pillans is the said sum of $2,250 which represents the value of said barge known as 'Blue Rock No. 4'; that the * * * Alabama Fuel & Iron Company * * * have recovered judgments against the said J. B. Lenoir, James W. Jernigan, and the said Lenoir Machinery & Wrecking Company, on the theory that the said sum of $2,250 due by the said Lenoir Machinery & Wrecking Company, and the individuals composing it, to the said James W. Jernigan, is the property of the said James W. Jernigan."

The prayer of the amended bill invokes the court to declare the bank's title to the barge at the time it was lost or destroyed, and to give effect to the ratification by the bank of Jernigan's agreement with the Lenoir Company, to enjoin the Alabama Fuel & Iron Company, and other judgment creditors proceeding by garnishments against Pillans, the holder of the fund mentioned in the fourth paragraph of the bill, from collecting their judgments against the Lenoir Company and the persons, including Jernigan, composing it. Temporary injunction, to the indicated effect, was issued in accordance with the prayer of the amended bill. The complainant bank, the mortgagee (assignee), relies upon the general principle, stated in Jones on Chat. Mortg. § 464, and 5 R. C. L. pp. 446, 447, that a mortgagee whose property security has been sold by the mortgagor without the former's consent may pursue the property or recover its value in an action at law, or, as affirmed in Doughten and Wilson v. Gray, 10 N. J. Eq. 323, 327, if the proceeds are traceable, capable of identification, may invoke the declaration and enforcement of the mortgagee's equitable lien thereon.

[2] Aside from any other considerations, the case made by the amended bill does not fall within the principle stated. The feature of the agreement upon which the bank would predicate the application of the principle is the promise of the Lenoir Company to pay $2,250 if the barge was lost or destroyed. As the bill expressly avers, the happening of the event stipulated for created an "indebtedness" which, we assume for the occasion, inured to the benefit of the bank upon its election to ratify the unauthorized contract made by its agent Jernigan with the Lenoir Company. This contract, as the bill also expressly avers, was a "lease" of the barge by the Lenoir Company. It did not contemplate, intend, or effect a "sale" of the barge

to that company. It was, originally and throughout, a "lease" with an indemnity against loss or destruction during the term of its use. The obligation to pay became fixed only when the barge was lost or destroyed—a time when the barge could not have been the subject of a sale, because it must then have been nonexistent, lost, or destroyed, in order to impose the obligation, the promise to pay the sum stipulated. The contract averred indicated no purpose on the part of any of the parties to undertake to "substitute" the sum of $2,250 for the barge in the mortgage. As averred in the bill, anticipating the possible loss of the barge, the lessor took the promise of the lessee to pay a fixed sum upon that contingency; and, consistent with the bill's allegation, the happening of the event created a debt to the beneficiary of the promise to pay the sum stipulated. Under these circumstances, the bank's remedy—adequate and complete so far as the bill now advises —was in an action at law against the promisors who undertook to give the indemnity designed in the agreement. Watson v. Portland Co., 93 Miss. 553,. 46 South. 707, and Diamond Rubber Co. v. Bank, 171 Ala. 420, 55 South. 100, were cases of sales of chattels, and did not, as here, involve an agreement to indemnify for loss upon the happening of that event.

[3] Furthermore, if the contract should be regarded as substituting for the barge, in the mortgage, the sum stipulated, the averments of the bill do not identify the money held by Mr. Pillans as the sum designed by the contract to be so substituted for the barge, nor are any facts, or even conclusions, averred that could serve to so distinguish this particular money as the representative of the barge or the proceeds of the sale. The amended bill does not indicate the source from which Mr. Pillans received the funds mentioned in the fourth paragraph, quoted above. It is only inferable from the allegations of the amended bill that the funds received or held by Mr. Pillans were money belonging to the Lenoir Company. There is no intimation that the $2,250 held by Mr. Pillans was money set apart and substituted to take the place, as money, of the barge described in the mortgage. The averment, in the quoted fourth paragraph, that "the said sum of $2,500 so held by the said Palmer Pillans is the said sum of $2,250 which represents the value of said barge," is but the allegation that the sum stated is the equivalent; "represents" the value of the barge. This averment has no tendency to assert that the sum stated is the proceeds of the "sale" of the barge, or was money set apart by any one to make good the assurance given by the lessees of the barge.

As the trial court concluded, the bill is without equity, and could not support the temporary injunction issued. Hence the injunction was well dissolved.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.