## Cole-McIntyre-Norfleet Co. *v.* Du Bard.

(Division A.    March 31, 1924.)

[99 So. 474.    No. 23996.]

1. CHATTEL MORTGAGES. *Mortgagee not required to record mortgage in county to which mortgaged property removed without consent.*
   Under section 2289, Hemingway's Code (section 2785, Code 1906), the mortgagee in a trust deed is not required to record his mortgage in the county where the mortgaged personal property has been removed to, unless he consented and permitted such removal.

2. CHATTEL MORTGAGES. *Mortgagee's lien not waived where mortgagor places property for sale without his knowledge.*
   The mortgagee does not waive his lien upon the mortgaged personal property where the mortgagor places it in the hands of a cotton association to be sold advantageously without the knowledge or consent of the mortgagee.

3. CHATTEL MORTGAGES. *Placing by mortgagor of cotton with association for sale held not waiver of mortgagee's lien.*
   Nor does mortgagee in such case waive his lien where the cotton is placed with the association under agreement that the proceeds are to be applied to the satisfaction of any mortgage on it as such interest may appear, the association being a sales agency treating any mortgagee as standing in the place of the grower.    Section 8, Marketing Agreement of Cotton Association.

4. CHATTEL MORTGAGES. *Proceeds of mortgaged property stand in place thereof as to rights of mortgagee.*
   The mortgagee in such case being entitled to enforce his unwaived prior lien against the cotton, the thing mortgaged, the proceeds of the sale of the thing stand in the place of the thing sold.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Proceedings between the Cole-McIntyre-Norfleet Company and W. H. Du Bard.    From the judgment rendered the former appeals.    Reversed and judgment rendered.

*Ward Allen,* for appellant.

The only question to be decided by this court is whether or not the claim of a judgment creditor, who garnished the

Staple Cotton Co-operative Association, is superior and paramount to the claim of the holder of a *bona-fide* and valid deed of trust on the cotton which was placed by the debtor in the association. We respectfully submit that on no possible ground can the lien of a judgment creditor be superior to that of a mortgagee creditor and that for this court so to hold would have a disastrous effect on the entire crop financing and marketing system which has arisen in conjunction with the operation of the Staple Cotton Co-operative Association. If it be true that the claim of a judgment creditor is superior to the claim of the holder of a valid deed of trust, then no bank or merchant can take a deed of trust on the cotton crop of one of its customers and with any degree of safety allow the customer to put his cotton in the association, lest the customer owe something to someone else, who might secure a judgment, garnish the association and thus defeat the deed of trust.

I. Appellee relies for the affirmance of this case on section 2785, Code of 1906 (section 2289, Hemingway's Code). This section was never intended to apply to the handling of cotton in the due course of business at various compresses located in various counties of the state by such an organization as the Staple Cotton Co-operative Association, which is merely a marketing agency seeking to serve its planter members.

But our argument here, however, is really superfluous, as the statute does not cover the facts in this case. The deed of trust in question was filed for record in Tallahatchie county, Mississippi, on the 18th day of March, 1922. The cotton which it conveyed, was removed from Tallahatchie county to Sunflower county at various times during the fall months of the year, 1922, beginning with the month of September, but appellant, the mortgagee, had no knowledge of, nor gave its consent at any time to such removal. Appellant had no knowledge of delivery even to the cotton association until November 10,

1922. The deed of trust was then filed for record in Sunflower county, Mississippi, on September 13, 1923, less than twelve months after consent or permission to move by mortgagee, if any consent or permission were ever given. No such permission or even knowledge on the part of mortgagee is shown by the record in this cause, and without permission or knowledge, the statute does not apply. *Bogard* v. *Gardley,* 4 S. & M. 302. It has been held also in this state that permission granted before the expiration of twelve months from the time of removal does not defeat the lien. *Elson* v. *Barrier,* 56 Miss. 394.

II. Appellee also insists that appellant has waived the lien of his deed of trust by allowing Stokely to deliver his cotton to the association to be marketed pursuant to his contract with the association. The record does not show anywhere that appellant knew that Stokely was delivering his cotton to the association until November 10, 1922, on which date they seem to have been informed of the garnishment levied by appellee on the association. Appellant therefore never gave its consent for Stokely to market his cotton through the association but it thereafter accepted the proceeds of this cotton as it was remitted by the association.

We admit that there are many cases which hold acceptance of the proceeds of the sale of mortgaged crops to constitute a waiver of mortgagee's lien. There is a formidable line of authorities to the effect that permission on the part of a mortgagee to the mortgagor to sell and deliver his cotton to a third person waives the lien of the mortgage on the cotton, and that the lien of the mortgage does not follow the money proceeds of the cotton. If this line of authorities were in point, we would not argue this case for a moment, but we do not find a single case along this line of reasoning which could possibly apply to the facts in the case at bar. *De-*

*livery to the association is not delivery to a third person
in the sense that these cases apply.*

The association in its last analysis is nothing else but
a selling agent of its members. Therefore, in permitting
the association to market cotton on which appellant had
a mortgage, appellant was merely stepping into the shoes
of the grower, and the association became the selling
agent of the mortgagee, appellant herein. This money
in the hands of an agent should be and is just as safe
as if in the hands of the principal and by no process of
reasoning can we conceive but that the court below com-
mitted gross error in holding that acceptance by appel-
lant of distributions from the association constituted a
waiver of the rights of the mortgagee, and that a judg-
ment creditor could come in and attach the proceeds in
the hands of the association and that the claim of the
judgment creditor was paramount to the claim of a mort-
gagee.

*Alfred Stoner,* for appellee.

I. By consenting to the sale of the cotton, the claim-
ant waived its lien, and claimant stood in relation to
its proceeds, just as any other creditor. It would be im-
possible for claimant to have a deed of trust on the
money, because that is too fleeting. Both claims are
equally just and it is only a question of priority. It
would be rather odd to say that claimants, by virtue of
their deed of trust, could put the money up at public out-
cry and sell it to the highest bidder for cash. It would
be equally as odd to say that a deed of trust is so flexi-
ible that when a mortgagee releases the mortgaged prop-
erty, the deed of trust will snap on to the proceeds from a
private sale of the mortgaged property. Claimants took
their deed of trust on the cotton—nothing more. After
the cotton was picked and ginned, they agreed that it
might be disposed of by selling it to third parties at pri-
vate sale, and when that cotton, by consent of claimants,

passed by sale beyond the reach of claimants, their specific lien on the cotton was waived, and claimants stood in relation to the proceeds, just as any other creditor.

Du Bard held his judgment subject only to the provisions of the recorded deed of trust. The deed of trust does not say that the mortgagee can sell or have the cotton sold at private sale, and that the mortgagee shall still have lien on the proceeds. The agreed statement of facts shows that claimant knew the cotton had been sold to the association; they consented to the sale at a time when there was still a large part of the remaining fifty-two bales of the cotton in the hands of the association, and necessarily by consenting to the sale of the cotton, they waived their lien on it. 5 R. C. L., page 459, section 94; *Carr* v. *Brawley* (Okla.), 125 Pac. 1131, 43 L. R. A. (N. S.) 302; *Fry* v. *Rose* (Miss.), 83 So. 179; *Garbutt* v. *Mayo,* 13 L. R. A. (N. S.) 58. See, also, *White Mountain Bank* v. *West,* 46 Main 15; *Saxton* v. *Breshears,* 21 Idaho, 333, 121 Pac. 567; *Maier* v. *Freeman,* 112 Cal. 8, 44 Pac. 357, 7 Cyc. 48-49.

The cases also go so far as to hold that the mortgagee, by accepting a part of the proceeds of a sale of the mortgaged property, knowing its source, waives the lien of the mortgage. *Planters Compress Co.* v. *Howard,* 41 Tex. Civ. App. 285, 92 S. W. 44; *McCollum* v. *Wood* (Tex.), 33 S. W. 1087; *LaFayette County Bank* v. *Metcalf,* 40 Mo. App. 494.

Our own court has held that consent by the lien-holder to a sale of the mortgaged property waives the lien of the mortgage. *Seavey & Sons* v. *Godbold,* 99 Miss. 113, 54 So. 838; *Phillips* v. *Thomas,* 91 So. 420; *Bank of Hazlehurst* v. *Goodbar,* 19 So. 204; *Harmon* v. *Hoskins,* 56 Miss. 142; *Joseph* v. *Levi,* 58 Miss. 845; *Britton* v. *Creswell,* 63 Miss. 394; *Johnson* v. *Tuttle,* 65 Miss. 495; *Maier* v. *Freeman,* 112 Cal. 8.

II.    The claimant, by allowing Stokely to handle the cotton and dispose of it as he pleased, lost the lien by

failing to record the deed of trust in Sunflower county within a year after the cotton was removed from Tallahatchie county to Sunflower county. Eight bales of the cotton (more than enough to satisfy appellee's demand) were moved into Sunflower county on September 12, 1922. The deed of trust was not recorded in Sunflower county until September 13, 1923. The statute required that the deed of trust be recorded in the county into which the cotton was removed within one year from the time of the removal. Hemingway.'s Code, section 2289, section 2785, Code of 1906.

We submit, in conclusion, that under no circumstances can a mortgagee have greater rights than those expressly given him by the provisions of his deed of trust; that the claimants, when they discovered that the cotton association held the cotton by virtue of an unrecorded contract, should have required the association to deliver the cotton to the trustee named in the deed of trust, or if they did not intend to waive the lien on the cotton and its proceeds, should have taken some proper step to protect themselves; that by consenting to the sale of the cotton and accepting the proceeds, they waived their lien on the cotton, and that their deed of trust did not snap off of the cotton and on to the proceeds; that they could not have a deed of trust on the money; that the money was subject to garnishment by a judgment creditor, as shown by the authorities cited; that in addition to this they lost their lien under the statute by not recording the deed of trust in Sunflower county within a year, and that the judgment of the lower court should be affirmed.

*R. C. McBee,* for appellant and garnishee, in reply.

Counsel's argument concedes the validity of the marketing agreement, and the validity of the deed of trust; and the only contention made by him is that Cole-McIntyre-Norfleet Company waived the lien of their deed of

trust by permitting the cotton to be handled by the association, and that they lost the lien of the deed of trust, because the cotton, having been grown in Tallahatchie county, where the trust deed was recorded, was delivered to the association in Sunflower county; that, while the trust deed was recorded in September, 1922, more than a year had elapsed before the recording in Sunflower county.

The association in this case compelled an interpleader under the terms of section 1946 of Hemingway's Code, of which it has been said that "the statutory mode of procedure is a substitute for the remedy by interpleader. *Kellog* v. *Freeman,* 50 Miss. 127. On such an issue "as between plaintiff and claimant, plaintiff must stand upon his right as a garnishing creditor, the question of ownership being confined to ownership as between the claimant and the defendant, as of the time as of which plaintiff's right as a garnishing creditor attached." 28 C. J. 380. He does not, we submit, propound any right on account of the lien of the judgment. "A superior title in plaintiff, independent of his right as a garnishing creditor, cannot be asserted." *Winslow* v. *Bracken,* 57 Ala. 368.

"Garnishment is a proceeding whereby plaintiff seeks to subject to his claim property of defendant in the hands of a third person or money owned by such person to defendant." 28 C. J. 15; *Martin* v. *Harvey,* 54 Miss. 685, 28 C. J. 19, 21, 93, 241; *Williams* v. *Gage,* 49 Miss. 777, 49 Miss. 436; *Shuler* v. *Murphy,* 91 Miss. 518-528; *Hardware Co.* v. *Heidelberg,* 91 Miss. 599-606.

Here the association was the agent for the sale of its cotton, not for Stokely, but for the mortgagee, until its interest was satisfied, and under the authorities above cited the plaintiff can make no claim until the mortgagee is satisfied. When the writ of garnishment was served, the plaintiff could make no claim except that it could make through Stokely. Stokely was already bound by his contract. It permitted the mortgagee to stand in his

place; and since Stokely was bound, the plaintiff was bound.

The effect of the marketing agreement is to make the association, as to any funds in its hands, charged under its contract, to pay to the mortgagee, until his interest is satisfied, just as an insurance company is charged with the responsibility of paying to a mortgagee when insurance is taken for the benefit of a mortgagee. 26 C. J. 558. This liability to the mortgagee, our court has held, is not a new and independent contract between the mortgagee and the insurance company, but after all, the policy itself is the contract between the insurance company and the mortgagee. 111 Miss. 453-459.

II. Counsel argues in the beginning of his brief that the mortgagee consented to the sale of the cotton, and therefore, waived its lien and that claimant stood in relation to its proceeds just as any other creditor. Clearly the facts do not bear him out. Plaintiff is unable to prove that claimant had knowledge of the fact that Stokely was a member of the association prior to November 10, 1922. Counsel assumes that Stokely sold the cotton to the association and that the marketing contract is a contract of sale. This court has passed upon this contract and has held "that the association is simply a sales agency or plan for group marketing." *Brown* v. *Staple Cotton Co-operative Association,* 132 Miss. 859, 890.

In *Seavey* v. *Godbold,* 99 Miss. 113, Godbold consented to the sale, his tenants sold the cotton and received the money. In the present case, no such state of facts existed, and the same is true in the case of *Phillips* v. *Thomas,* 91 So. 420.

Even if this were a sale, and not an agency contract, an entirely different rule of law prevails when a mortgagor sells property subject to a mortgage, without the consent of the mortgagee. In *Watson* v. *Cement Co.,* 93 Miss. 553, the Cement Company, as garnishing plaintiff, sought to recover the proceeds of the sale of the personal

property, and the mortgagee claimed the funds, setting up that prior to the rendition of the judgment, the defendant had executed the trust deed covering certain personal property, and that the money in the hands of the garnishee, was the proceeds of the sale of said property made by the mortgagor.

The court said, ''The trust deed in this case was prior to the judgment, and constituted, of course, a prior lien on the property embraced in the trust deed, which was sold by the mortgagor. The amount received for the property subject to the trust deed stood in the place of that property, and the trustee, the appellant, had a prior right to the fund.'' In that case the trustee was the successful party, the present case is maintained by the mortgagee, this proceeding being as we have seen a substitute for interpleader in equity. We submit that the above case is exactly on all-fours.

Argued orally by *Ward Allen* and *R. C. McBee,* for appellant, and *Alfred Stoner,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The suit was commenced by a garnishment proceeding against the Staple Cotton Co-operation Association by the judgment creditor Du Bard, appellee, seeking to recover the proceeds from the sale of certain cotton placed in the hands of the cotton association by one Mr. Stokely, the judgment debtor, and member of the association, who had placed the cotton to be sold under the rules and regulations of the association.

The appellant, Cole-McIntyre-Norfleet Company, claimed the cotton and the proceeds under a deed of trust given by the said Stokely prior to the judgment against Stokely in favor of appellee Du Bard. From a judgment in favor of the garnishing creditor, this appeal is prosecuted.

The question in the case is whether or not the claim of the garnishing judgment creditor against the proceeds of

the cotton in the hands of the cotton association is superior to the claim of the mortgagee in a prior deed of trust given on the cotton by the judgment debtor and duly recorded in the county where the crop was raised, where the cotton was moved to another county and placed in the hands of the cotton association to be sold by it, and the mortgage was not recorded in that county until more than a year after the cotton was delivered to the association, the mortgagee having no knowledge of such removal nor permitted or consented to it, and the cotton association took the cotton from the debtor under a contract that it should handle and sell it and that the mortgagee holding a lien upon the cotton should stand in the place of the grower, and that the association would satisfy the mortgage by paying over to the mortgagee the proceeds from the sale of the cotton as the mortgagee's interest might appear.

The agreed statement of facts in the case shows the appellant, Cole-McIntyre-Norfleet Company, was given a deed of trust by Stokely on the cotton grown by him during 1922 to secure an indebtedness due by Stokely to appellant. The deed of trust was duly recorded in Tallahatchie county, where the crop was produced, but it was not recorded in Sunflower county, where Stokely, as a member of the cotton association, delivered the cotton to be handled and sold by the association.

Appellant mortgagee had no knowledge of the removal of the cotton from Tallahatchie county to Sunflower county and did not permit or consent to such removal, and, when it received notice of the removal in the latter part of 1922, it then made demand upon the cotton association for the proceeds from the sale of the cotton delivered by Stokely. Appellant recorded its deed of trust in Sunflower county within a year after receiving notice of the removal of the cotton to that county.

The cotton association, under its contract with Stokely, commenced to pay the proceeds to appellant mortgagee from the different sales of. the cotton after notice from

the mortgagee in November, 1922, the association having received the cotton from Stokely with the understanding and agreement that it would pay over the proceeds to any mortgagee as such interest might appear, and that any mortgagee, for such purpose, would stand in the place of Stokely. This is the agreement between the association and its members as shown by the last paragraph in section 8 of the Marketing Agreement of the Staple Cotton Co-operation Association in this state.

Some time after the mortgage was executed by Stokely to the appellant, the appellee, Du Bard, obtained a judgment against Stokely for about seven hundred dollars in Sunflower county, where the cotton was stored with the cotton association, and upon this judgment garnishment was issued against the association, and the association answered that it was indebted to Stokely in the sum of several thousand dollars on account of the proceeds of the cotton it had sold for him, but the association suggested that the appellant company would claim the proceeds of the sale of the cotton by virtue of a deed of trust executed by Stokely. The case was heard upon claimant's issue between appellant and appellee which resulted in a judgment for appellee.

The judgment creditor, appellee, contends: First, that his claim was superior to that of the mortgagee because under section 2289, Hemingway's Code (section 2785, Code of 1906), the mortgagee was required to record its mortgage in the county where the property was removed to, and the failure to do so invalidated the mortgage so far as creditors were concerned. And, second, that the mortgagee waived its lien as to the proceeds from the sale of the cotton by consenting to its sale by the cotton association, and that the garnishment having reached the proceeds first, the right to apply them to the judgment was paramount, the argument being that the case comes under those decisions which hold a mortgagee waives his lien when he consents to a sale of the mortgaged property by the mortgagor.

It is our judgment the contentions of appellee are not maintainable, and the lower court erred in not so holding. There is no merit in the first contention because the mortgagee did not consent to, and had no knowledge of, the removal of the cotton from Tallahatchie county to Sunflower county; therefore the statute has no application, and appellant was not required to record its deed of trust in Sunflower county upon the removal of the cotton there.

The statute provides, in part, that if the mortgagee "shall permit any . . . person . . . to remove the [property] . . . out of the county in which the writing is recorded, and shall not, within twelve months after such removal, cause the writing to be duly certified to the county into which the property may be removed, and to be delivered to the clerk of the chancery court, to be recorded, the writing, for so long as it remains without being recorded or delivered for record in the last-mentioned county, and for so much of the property as may have been removed, shall be void as to all purchasers for a valuable consideration without notice, and as to all creditors."

This court held in *Bogard* v. *Gardley,* 4 Smedes & M. 302, that the statute has no application unless the mortgagee "is shown to have consented and permitted the removal." The undisputed proof in this record is the mortgagee did not consent or permit the removal of the cotton from Tallahatchie county to Sunflower county, that he had no knowledge of such removal until in November, 1922, and that he recorded his mortgage in Sunflower county within twelve months after he had knowledge of the removal. The decisive point, however, is that the statute does not apply unless the mortgagee consents to the removal.

On the second proposition, we do not hesitate to say the mortgagee did not waive his lien in this case for several reasons, two of which we will give, namely: He had no knowledge that Stokely had stored the cotton with the association to be sold by it, until the latter part of

1922, and did not authorize Stokely, the mortgagor, to sell the cotton (in fact, Stokely did not actually sell it), but appellant merely accepted payment of a portion of the proceeds from the association after he discovered the cotton and proceeds were in the hands of the association. And, again, Stokely, under his contract with the association, placed the cotton with the association with the understanding that the mortgagee was to be paid from the proceeds of the sale as its interest might appear.

The association is a sales agency, and it took the cotton to handle and sell to the best advantage for Stokely with the agreement that the proceeds would be turned over to the mortgagee until the mortgage was fully satisfied. Therefore the association held the cotton, and the proceeds from the sale of it, for the mortgagee, appellant, and the cotton and the proceeds were at all times the property of the mortgagee, by virtue of the lien to be delivered by the association to satisfy the mortgage.

The amount of the proceeds, under these circumstances, could not be successfully reached by garnishment in favor of the judgment creditor. The deed of trust was valid in Sunflower county as against the subsequent judgment creditor and was superior to his claim either for the cotton or for its proceeds, because the mortgagee was entitled to the thing sold, and as said in *Watson* v. *Cement Co.*, 93 Miss. 553, 46 So. 707, ''and the money arising from the sale of the thing stands in the place of the thing sold.''

In view of these conclusions, the judgment of the lower court is reversed, and judgment entered here for the appellant.

Reversed, and judgment here for appellant.

*Reversed.*