William M. Crilly v. The Board of Education of the City of Chicago.

1. MISTAKES—*Measure of Proof.*—The proof to establish a mistake in a material part of a contract ought to be free from suspicion, clear and convincing.

Memorandum.—Bill for relief. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed May 28, 1894.

W. A. FOSTER, attorney for appellant.

DONALD L. MORRILL, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee advertised for bids for doing the mason work required for the construction of a school house, and the appellant in response thereto made in due form a bid to do the work for the sum of $20,997. Accompanying his bid, he inclosed a certified check on his banker for the sum of $630, in compliance with a rule of the appellee that proposals, involving amounts exceeding $2,000, shall be accompanied by a deposit of three per cent of the amount thereof, and that if, in case of the contract being awarded to the bidder, he shall fail to enter into a written contract, or give a satisfactory bond to secure compliance with the proposal, or both, within a reasonable time, the said deposit may be retained and forfeited as liquidated damages.

At a regular meeting of the appellee held in apt time after the receipt of appellant's bid, the contract was awarded to the appellant, he being the lowest bidder, and he was so notified.

But he refused to accept the contract, and claimed that he had made a clerical mistake in writing out his proposal, and that his bid should have been made at the price of $23,997.

Appellee at a subsequent meeting declared appellant's deposit forfeited and let the contract to the next lowest bidder at the sum of $24,200, who went on and performed the work.

Thereupon appellant filed his bill in equity, praying that his bid be corrected and decreed to be a bid for the sum of $23,997, and that his deposit be repaid to him.

The cause was heard upon bill and answer, and evidence taken before a master with his report thereon, and a decree entered dismissing the bill for want of equity, and from such decree this appeal is prosecuted.

The bid of appellant was on a blank form furnished by the appellee to persons contemplating making proposals, whereon were printed the rules of the appellant with reference to such business, the pertinent part of which, so far as this cause is concerned, have been stated, and ending with the following form, with blank spaces filled to suit the particular case, signed by appellant, as follows:

"Deposit enclosed: Certified check, $630.

CHICAGO, Aug. 1, 1892.

To the Board of Education:

The undersigned hereby offers to furnish material and do the mason work in the erection of the school building, Lincoln and Moore Sts., according to the plans and specifications in the office of the architect of your board, for the sum of 20,997.00 dollars ($20,997.00), and agrees to be bound by the conditions as printed above.

W. M. CRILLY."

The explanation of appellant is that learning of the invitation of appellee for proposals to do the specified work,

he made up an estimate upon which he would base a bid; that that estimate footed up $24,008; that he concluded to make a bid of $23,997, in order to be lower than any person who should bid the even sum of $24,000; that in transcribing those figures upon the blank proposal upon which bids were required to be submitted, he, by mistake, placed a cipher where he intended to place the figure three, thereby making his bid $20,997, instead of $23,997, as he intended to do, and that he did not know of his mistake until after his bid was accepted by appellee.

It will be observed that the amount of the check deposited is three per cent upon $21,000, three dollars more than his bid, and not three per cent on $23,997. This is explained by appellant as being a mistake also, as a result of the first mistake, and if the check were drawn with the amount of the bid in mind rather than the amount of the estimate, it was not an unlikely one.

The master reported as his conclusion, that the evidence was insufficient to base a finding upon, that a mistake, such as equity ought to relieve against, was actually made; and that the mistake, if any was made by appellant, was due to his own negligence, and might have been avoided by the exercise of ordinary care and diligence on his part, and was not such a mistake as entitled appellant to relief in equity.

The court took the same view of the case and dismissed the bill.

We are not prepared to say that the master was not correct in both conclusions. The proof to establish a mistake in a material part of a contract ought to be free from suspicion, clear and convincing.

Here on the one side was the proposal of the appellant, made on a printed sheet furnished by the appellee, with blank spaces left for the amount to be written in, and in those spaces the amount is twice stated. The check that was made out at the same time was for an amount equal to the required per centage on an even sum within three dollars of the amount of the bid.

The amount was the only material matter left to be in-

serted in the blank. The writing inserted in both the blank proposal and the check was done by the appellant in person, and whatever, if any, error was committed, was made by him with full knowledge.

To overcome the effect of the writing so executed, nothing but the bare statement of the appellant is shown. The circumstance that he had previously made an estimate that footed up a considerably larger sum, as a guide for himself in determining what amount he might safely and profitably bid, can not be said to be corroboratory of his statement.

It is nothing more than argument, and, indeed, the book in which the estimate was testified to have been made, was not offered in evidence.

The proof therefore stands with the writing on one side, and the testimony of appellant that he made a mistake, on the other.

Without an insinuation, even, against the exact truth of appellant's testimony, we are bound to say that, having such regard as the law imposes upon us for the protection of what parties deliberately put into their written contracts, we are not at liberty to permit such writings to be overthrown by the uncorroborated testimony of an interested witness.

This conclusion renders it unnecessary for us to discuss the question of law, as to when, a mistake being established, equity will afford relief. The decree of the Circuit Court will be affirmed.