# Pearson *v.* Duncan & Son.

### Bill to Enjoin Violation of Contract.

(Decided December 21, 1916.   73 South. 406.)

1. **Contracts; Legality; Restraint.**—While a contract in partial and reasonable restraint of trade will be enforced when directed to protecting and effecting a sale of business by one who has engaged to refrain from competition, yet the contract in this case was in general restraint of trade and void as against public policy, and hence its assignment conferred no rights upon the assignee.

2. **Injunction; Right; Equity.**—A bill without equity will not support an injunction of any character under any circumstances.

3. **Municipal Corporation; Power to Contract.**—A municipal corporation may exercise only those powers granted in express terms, or those necessarily implied in or incident to the powers expressly conferred, and general clauses in municipal charters whereby the governing authorities are granted expressly, or in equivalent terms, power to do all things in their discretion that may seem necessary for the good order and welfare of the community, are only efficient to grant the right to exercise the discretion within the scope of the authority conferred.

4. **Same; Ultra Vires; Estoppel.**—One who has received the benefit of a contract with a municipality is not estopped to set up the want of corporate authority to make such a contract.

5. **Same; Contracts; Assignee.**—All persons dealing with a municipality are held to a knowledge of its powers, and of the powers and authority of its officers, and the assignee of a contract ultra vires the corporation can take nothing thereunder.

6. **Same.**—Where the contract was to refrain from engaging in the ice business so long as the municipality or an individual should maintain its ice plant as the home plant, and such contract had been assigned by the municipality, such assignee could not successfully maintain that the municipality, in so contracting, was undertaking to exercise any possible powers it had to furnish water to the inhabitants of the city.

7. **Contracts; Construction.**—The reference in the contract to the operation of a plant by the town or by an individual as a home plant was not effectual to alter the effect of the engagement to the advantage of an assignee of the contract, but was incorporated for the purpose only of defining the period of time during which the respondent should refrain from an engagement in the ice business in that locality.

[Pearson v. Duncan & Son.]

APPEAL from Tallapoosa County Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Duncan & Sons, a partnership, against H. W. Pearson to restrain him from violating a contract not to sell ice in the city of Alexander City. From an order granting the injunction prayed, respondent appeals. Reversed and rendered.

N. D. DENSON & SONS, for appellant. BULGER & RYLANCE, for appellee.

McCLELLAN, J.—A contract in general restraint of trade is against public policy, is void, and unenforceable; but a contract in partial, reasonable restraint of trade will be sustained and enforced where its restraint is directed to the protection and effectuation of a sale of a business by him who has engaged to refrain from competition.—*Tuscaloosa Ice Mfg. Co. v. Williams,* 127 Ala. 110, 28 South. 669, 50 L. R. A. 175, 85 Am. St. Rep. 125; *Harris v Theus,* 149 Ala. 133, 43 South. 131, 10 L. R. A. (N. S.) 204, 123 Am. St. Rep. 17; *Smith v. Webb,* 176 Ala. 596, 58 South. 913, 40 L. R. A. (N. S.) 91.

The appellees would avail of the rights they assert against the appelant through a lease of an ice plant from the town of Alexander City, in connection with which they claim to have succeeded by assignment to them of the contract to be quoted. This contract, which was executed by the appellant and the town of Alexander City, is as follows: "For and in consideration of $100.00 to me in hand paid by the town of Alexander City, I agree to discontinue my ice business in Alexander City and adjacent territory for a period of five years or so long as the present plant is operated by the town or an individual as home plant. I also agree not to associate myself in any way with another individual, firm or corporation for the purpose of handling ice in Alexander City or adjacent territory for the period as above stated or as long as the plant is operated as a home plant, either by the town or an individual.

"This contract is to be void should the town grant license to any other than parties operating the above mentioned plant.

"It is further agreed and understood that the signers of this contract and agreement are to abide by all the conditions herein set out.

"It is further agreed that H. W. Pearson is to have five days to dispose of what ice he has on hand and no other."

This bill prays the specific performance of that contract, and that alone, through the permanent injunction of appellant to engage in the ice business in Alexander City and adjacent territory for the time specified in the writing. It is clear that the quoted instrument's whole effect, so far as obligations assumed by appellant were or are concerned, was that appellant should discontinue his ice business in that territory and refrain from engaging therein, directly or indirectly, for the time stipulated in the instrument. In this writing there is no provision for or about the purchase or sale of appellant's ice business or of any stock or instrumentalities pertaining to his ice business. It necessarily results that the application of the principle stated to the obligation set forth in the instrument above requires the conclusion that the contract is void and unenforceable, because it is an effort to impose a general restraint to engage in a certain business in a certain territory. In paragraph 5 of the bill it is alleged: "Your orators would further state, charge, and aver that after the town of Alexander City had leased, the ice plant as above set out it did on, to-wit, the 2d day of September, 1915, for and in consideration of $100 in cash paid to the respondent, H. W. Pearson, procure an agreement from the said H. W. Pearson whereby he agreed to discontinue his ice business in the town of Alexander City and adjacent territory for a period of five years, or so long as the ice plant located at Alexander City was operated by the town of Alexander City or an individual as a home plant, a copy of which said contract and agreement is hereto attached and marked 'Exhibit B' and made a part of this bill as if written herein with leave of reference thereto. Your orators would further show that, at the time this said contract was entered into between the town of Alexander City and the said H. W. Pearson, the town of Alexander City also bought from said Pearson all of his ice tools and things necessary for the handling of the ice business and paid him a valuable consideration for the same, and the said H. W. Pearson agreed in said contract that he would not enter into the ice business in the town of Alexander City for a period of five years, or so long as the ice plant at Alexander City was operated by the town or an individual as a home plant."

(1, 2) None or all of the allegations of this paragraph suffice to bring the contract here sought to be specifically enforced through injunctive process within the saving clause of the doctrine before reiterated. While it is averred that, at the time the

contract sought now to be enforced, the town of Alexander City also bought from said Pearson all of his ice tools and things necessary for the handling·of the ice business and paid him a valuable consideration for the same," yet it is not made to appear that this purchase of articles was a part of the written contract of which the appellees now seek specific performance. The contract of the purchase of the chattels mentioned in paragraph 5 was, for aught that appears in the bill, a distinct contract from the one reduced to writing and exhibited with the bill wherein the appellant engaged to refrain from conducting an ice business. Since the contract here sought to be enforced was void as against public policy, its attempted assignment by the town of Alexander City to the appellees conferred upon them no rights they could enforce in a court of equity. Indeed, if this contract had been made with the appellees, themselves, the result would have been the same. A bill without equity will not support an injunction of any character under any circumstances.—*McHan v. McMurry,* 173 Ala. 182, 55 South. 793.

(3) It is further insisted that the town of Alexander City was without power or authority to make the contract here sought to be enforced; that its attempt so to do was ultra vires and void. Whether the powers conferred on this municipality are those enumerated in its charter of 1899 (Local Acts, 1898-99, p. 1706), or those enumerated in the Municipal Code (Pol. Code, §§ 1260, 1261), or in both, we have not been pointed to any provision of both or either of these enactments whereby this municipality was empowered to contract in the manner or to the end disclosed in this bill.

"It is established that a municipal corporation may exercise these, and only these powers: Those granted in express terms; those necessarily implied in, or incident to, the powers expressly conferred; and those indispensably necessary to the accomplishment of the declared objects and purposes of the municipality."— *Colvin v. Ward,* 189 Ala. 198, 66 South. 98, and decisions therein cited.

General clauses in charters of municipalities whereby the governing authorities of the corporation are granted expressly, or in equivalent terms, powers to do all things that in their discretion may seem necessary for the good order and welfare of the municipality, are only efficient "to grant to that body the right to exercise 'a discretion within the scope of the authority

conferred.' "—*City Council, etc., v. M. & W. Co.*, 31 Ala. 76, 83, 84.

(4, 5) Even one who has received the benefit of a contract with a municipal corporation is not estopped to set up the want of the corporate authority to make such a contract.—*City Council, etc., v. M. & W. Co., supra; Sherwood v. Alvis*, 83 Ala. 115, 117, 3 South. 307, 3 Am. St. Rep. 695; *Westinghouse Mach. Co. v. Wilkinson & Cole*, 79 Ala. 312, 314. Since all persons dealing with a municipal corporation are held to a knowledge of its powers and of the powers and authority of its officers, an assignee of a contract ultra vires the corporation can take nothing thereunder.—*City of Eufaula v. McNab*, 67 Ala. 588, 42 Am. Rep. 118; 2 Dillon on Municipal Corporations (5th Ed.), § 971.

(6) It appears from the bill that this municipality leased from the Tallapoosa Ice & Coal Company its ice plant for a period of five years on the 18th of August, 1915; that about the 1st of January, the appellees purchased this ice plant from the Tallapoosa Ice & Coal Company, paying for the same and taking possession thereof; that this purchase was made with the knowledge and consent of the municipality and with its agreement that the municipality would surrender and transfer to the appellees the municipality's contract of lease and its contract with the appellant, which agreement was carried into effect, the appellees paying to the municipality about $700 of indebtedness that had accrued on account of the lease contract between the Tallapoosa Ice & Coal Company and the town of Alexander City. It thus clearly appears from the dealing between the municipality and the appellees that the municipality itself is not now engaged in manufacturing ice. Hence there is no foundation for the insistence that the municipality was, when contracting with these appellees, undertaking to exercise any possible power it had to furnish water to the inhabitants of the municipality; if, indeed, such a power could be said to justify the activity of a municipality in manufacturing ice for sale within or without its confines. The sum of what the municipality undertook to do, in respect of its agreement with the appellees, was this: To transfer its lease of an ice plant to individuals for their operation of it, and to vest in its lessees (who are now the owners of the plant by purchase thereof from the municipality's lessor) the obligation of the appellant to the municipality to refrain from conducting an ice business in the territory prescribed for the period

[Summers, et al. v. Summers, et al.]

specified. Whatever rights the appellees could or do claim as against this appellant could only be traced through their succession to obligations assumed by the appellant to the municipality; and this obligation being wholly void as an effort to create a monopoly, and the municipality being without power to contract as it undertook to do with the appellant, the appellees derived nothing upon which they may invoke the powers of a court of equity to enforce specific performance. The only consideration passing to the appellant was from the municipality, and not from the appellees to the appellant.

(7) The reference, in the written contract above quoted, to the operation of the plant by the town or by an individual as a home plant, was ineffectual to alter the effect of the engagements to the advantage of the appellees; those terms of the contract here sought to be enforced being incorporated therein for the purpose, only, of defining the period of time during which the appellant should refrain from engaging in the ice business in that locality.

The bill is without equity; and, in consequence, the injunction was improperly issued.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.