(87 South. 81)

**COLEY v. ENGLISH et al. (1 Div. 171.)**

(Supreme Court of Alabama. Dec. 16, 1920.)

**1. Injunction 1—Bill without equity will not support.**

A bill without equity will not support an injunction of any character.

**2. Logs and logging 3(14)—Grantee of timber owner after expiration of time for removing.**

The purchaser of standing timber remains the owner thereof notwithstanding the time in which he should have removed the timber has expired.

**3. Injunction 136(1) — Real question between parties necessary to justify temporary injunction.**

In order to invite or to justify the issuance of a temporary injunction to preserve the status quo of property pendente lite, and likewise to warrant the overruling of motion to dissolve an injunction for the stated purpose, there must be a real question between the parties, a substantial question to be decided; that is, a fair question as to the existence of the right to protection.

Appeal from Circuit Court, Monroe County; John D. Lee, Judge.

Bill by Frederick I. Coley against Arthur M. English, Jr., and others, to enjoin them, their agents and employees, from cutting and removing or from committing any other depredations upon any of the timber situated upon the lands described in the deed of the Englishes to John J. King, of December 25, 1905, pending the determination of a bill by complainant for the specific performance by the Englishes of their contract to convey said land to complainant, which is now pending in this court. From a decree dissolving the temporary injunction and dismissing the bill, complainant appeals. Affirmed.

Barnett, Bugg & Lee, of Monroeville, for appellant.

It is the duty of this court, in the interest of justice and equity, to clearly and unequivocally reverse the rule of interpretation of timber deeds as announced in the Zimmerman Case, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58, and the cases following, and to hold that respondent's title to the timber terminated with the expiration of his right to enter upon the lands for the purpose of removing the timber. 79 Ala. 437; 180 Ala. 48, 60 South. 267. The complainant is entitled to have the lands, including the timber thereon, held in statu quo, until the rights of himself and his vendor are determined. Complainant is the equitable owner of everything belonging to the inheritance. 155 Ala. 633, 47 South. 106, 130 Am. St. Rep. 67; 119 Ala. 194, 24 South. 11; 112 Ala. 539, 20 South. 952; 69 Ala. 575; 18 Ala. 44, 52 Am. Dec. 209; 5

Ala. 399; 92 Pa. 318; 84 Ark. 160, 104 S. W. 1110; 120 Mo. App. 281, 96 S. W. 731; 101 Tex. 86, 104 S. W. 1055, 130 Am. St. Rep. 824; 85 Ark. 208, 107 S. W. 391, 122 Am. St. Rep. 27; 52 Fla. 510, 42 South. 384. Counsel also cite, in this connection, 198 Ala. 236, 73 South. 486, L. R. A. 1917C, 232; 202 Ala. 523, 81 South. 25; 180 Ala. 148, 60 South. 825; 189 Ala. 13, 66 South. 720; 154 Ala. 660, 46 South. 239; 104 Ala. 465, 16 South. 632, 27 L. R. A. 434, 53 Am. St. Rep. 73; 67 South. 989; 182 Ala. 303, 62 South. 519; 127 Ala. 78, 28 South. 698; 61 S. E. 122; 201 Ala. 315, 78 South. 91; 200 Ala. 114, 75 South. 881; 96 Ala. 227, 10 South. 848; 72 Ala. 285, 47 Am. Rep. 412; 39 South. 318; 32 Ala. 723.

Hamilton & Page, of Evergreen, and Hybart & Hare, of Monroeville, for appellees.

The complainant is concluded by the long line of decisions settling the question here presented and which has become a rule of property in this state. 104 Ala. 465, 16 South. 632, 27 L. R. A. 434, 53 Am. St. Rep. 88; 42 South. 858.

McCLELLAN, J. This appeal is from a decree sustaining demurrer to the bill filed by appellant against appellees, and also bringing up for review the action of the court in that decree in dissolving—on motion to dissolve for want of equity in the bill—a temporary injunction issued upon the filing of the bill. The primary, if not sole, object of this particular bill was to secure a temporary injunction to prevent the cutting and removal of timber.

[1] A bill without equity will not support an injunction of any character. McHan v. McMurry, 173 Ala. 182, 187, 55 South. 793; Pearson v. Duncan, 198 Ala. 25, 28, 73 South. 406, 3 A. L. R. 242; Hamilton v. Ala. Power Co., 195 Ala. 438, 448, 70 South. 737. Since it appears from the averments of this bill that there is now pending a bill—to which the same persons are parties as are made parties in this cause—to enforce specific performance of the lease-sale contract to be later mentioned, a contract material to the cause of the complainant in the previously pending litigation as it is material to him in the present proceeding, whether the present bill is but an effort to employ a "supplemental bill" without any necessity therefor or justification thereof (21 C. J. p. 540 et seq.; 5 Mich. Ala. Dig. p. 568 et seq.) is a question that may be pretermitted in view of the conclusion prevailing on this review.

On December 25, 1905, Arthur M. and Alice N. English conveyed, by warranty deed, for a valuable consideration, to John J. King, "all the merchantable timber now standing and growing" on land described in the lease-sale contract, before mentioned, and in this

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bill. The instrument was seasonably record-ed, which was effective to carry notice to complainant of the title conveyed to King.

On December 8, 1914, Alice N. and Arthur M. English, the same persons who were grantors in the conveyance to John J. King, entered into a lease-sale contract, of plantations described therein, with complainant, Frederick I. Coley. It was stipulated therein that Coley might purchase the lands at any time before December 31, 1917, at a specified price and on terms defined in the writing. As appears this lease-sale contract was made with Coley about nine years after the deed to King was executed.

[2] In obedience to the application of oft-repeated illustrations of principles so long recognized in this jurisdiction as to establish them as rules of property—a status this court is not at liberty to alter at this late day—it must be held that John J. King, or his successors in title, was the owner of the timber interest described in the deed to him, and still is the owner notwithstanding the time in which he should have removed the timber has expired. Heflin v. Bingham, 56 Ala. 566, 28 Am. Rep. 776; Magnetic Ore Co. v. Marbury Co., 104 Ala. 465, 16 South. 632, 27 L. R. A. 434, 53 Am. St. Rep. 73; Vizard v. Robinson, 181 Ala. 349, 358, 61 South. 959; Zimmerman v. Daffin, 149 Ala. 380, 386 et seq., 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; Zimmerman v. Wilson, 201 Ala. 70, 77 South. 364; Mt. Vernon Lbr. Co. v. Shepard, 190 Ala. 574, 67 South. 286; Shepard v. Mt. Vernon Lbr. Co., 192 Ala. 322, 68 South. 880, where a vigorous dissent was unavailing to invite a change of the doctrines to which, in these circumstances, this court had so long given its adherence. Other citations might be added; they are readily available. In the last-cited decision it was said:

"Where the owner of land conveys to another the title to * * * standing timber ( * * * realty in the view of the law), the result is to create two closes adjoining but separate (the one the land proper, and the other * * * the standing timber * * * )."

[3] It results inevitably from the considerations stated and elaborated in the foregoing, among other decisions in this court, that the lease-sale contract to which complainant (appellant) attributes his rights in the premises could not and did not transmit or otherwise affect the title to the timber described in the earlier deed to King. Whether King or any others cut and removed timber described in the deed to King was and is without concern to appellant, he having no present or prospective right, title, or interest in such timber. No right or title of his being infracted by the act of cutting or removing timber belonging to King, the appellant could not invoke injunctive relief. 22 Cyc. p. 817. In order to invite or to justify the issuance of a temporary injunction to preserve the status quo of property pendente lite, and likewise to warrant the overruling of motion to dissolve an injunction for the stated purpose, there must be a "real question" between the parties—a "substantial question" to be decided—the rule contemplating as a condition to the issuance of such an injunction, or to the denial of a motion to dissolve, that the complainant "has a fair question to raise as to the existence" of the right he would have protected by the temporary writ. Coxe v. Huntsville Gas Co., 129 Ala. 496, 500, 501, 29 South. 867. On the averments of this bill the appellant presents no "real question" with respect to any right, interest, or title in him to the timber passing by the conveyance to King in 1905.

The bill is without equity. The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.