179 So. 208

**BARNETT v. STATE ex rel. SIMPSON et al.**

8 Div. 852.

Supreme Court of Alabama.

Feb. 10, 1938.

Bradshaw & Barnett, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for appellees.

KNIGHT, Justice.

Bill to abate a liquor nuisance, filed under the provisions of section 4671 et seq. of the Code, by the state of Alabama, on relation of Robert T. Simpson, Jr., solicitor of the Eleventh judicial circuit of Alabama, and W. A. Barnett, solicitor of the law and equity court of Lauderdale county.

The bill is not verified by either of said prosecuting officers, but by B. F. Weathers, a constable of said county. It is not disclosed in the affidavit that said solicitors were unwilling to make the required affidavit.

Upon presentation of the bill to the judge of the circuit court of Lauderdale county, that officer ordered the issuance of a temporary injunction, not only restraining the defendant from doing the unlawful acts charged in the bill, but also ordered that the sheriff close and padlock the defendant's place of business, pending a hearing of the application for permanent injunction. The writ issued on the judge's fiat directed the sheriff to close and padlock the defendant's place of business, and this was done.

The cause was duly set down for hearing and the defendant was given notice of the day and place of hearing. The defendant appeared, and filed motions to discharge and dissolve the temporary injunction. He also demurred to the bill and filed an answer denying the allegations of the same, and denied the right of the solicitors to file the bill upon the information supported by the affidavit attached thereto.

The owner of the building also appeared and filed intervention, averring that the property padlocked belonged to her, and denying that she had any knowledge that it was being used for illegal purposes as charged in the bill. Intervener prayed that the possession of the property be restored to her. This intervention was, by agreement of the parties, heard along with the application for permanent injunction. Intervener was the wife of this defendant and was represented by the same attorneys who represented the defendant.

Upon the hearing on the bill, the motions to discharge and dissolve the injunction, and the demurrers to the bill, and the evidence offered by the parties, the court overruled the motions and the demurrer, and ordered an abatement of the nuisance. However, the court directed that the possession of the property, which had been closed and padlocked under the temporary injunction, be restored to the intervener, the wife of the defendant.

■■ It was, of course, error for the judge, in issuing the temporary injunction, without notice and hearing, to close and padlock the building in question. This property was not contraband, and the "statutes and decisions contemplate a resort to such an order only after notice and hearing being given defendant, and thus obviate any constitutional question as to due process of law or prevent any unjust results." Ex parte Harvell, ante, p. 63, 177 So. 345, 346; Fulton v. State, 171 Ala. 572, 54 So. 688.

The error above pointed out was cured, however, by the order of the court restoring the property to the owner.

The bill contained equity, and the demurrer challenging its equity was well overruled.

■ That ground of demurrer which attempted to question the proper verification of the bill was general, and did not point out the defect in the verification with sufficient certainty. Code, § 6553; Commercial Casualty Ins. Co. v. Hudgens, 230 Ala. 182, 160 So. 106; Wommock v. Davis et al., 228 Ala. 362, 153 So. 611.

The court properly overruled the motion to dissolve the injunction, as for any ground stated in said motion. The bill contained equity, and the other grounds stated in said motion were without merit.

Under the statutes as they now exist, the filing of a motion to dissolve an injunction does not waive a previously filed motion to discharge the injunction. The two motions may be made and considered at the same time, without prejudice to either. Code, § 8302.

Irregularity is a ground for a motion to discharge, and not for a dissolution of the injunction. Irregularities in the mode of granting or issuing the writ may, by such a motion, be brought to the attention of the court and secure appropriate ruling thereon. Such irregularities are amendable, and may be cured whenever attention is called to them, and they may exist notwithstanding the bill contains equity, and such irregularities may be waived, and in fact often are waived. Jones v. Ewing, 56 Ala. 360; East & West R. Co. v. East Tenn., Va. & Ga. R. Co., 75 Ala. 275.

It must be conceded that under our case of Woodward v. State, 173 Ala. 7, 55 So. 506, the affidavit made by Weathers should have stated that the solicitors, Simpson and Barnett, were unwilling to make the required affidavit, and that this omission constituted an irregularity in the issuance of the temporary injunction, yet it appears that after making the motion to discharge the injunction based upon this irregularity, the defendant filed his answer denying the allegations of the bill, and allowed the case to proceed to trial upon its merits. This we hold was, and must be treated as, a waiver of the irregularity, notwithstanding the answer recites that it was filed without waiving the motion to discharge the injunction. 32 C.J. p. 345, § 576.

The statute does not go so far as to prevent the waiver of the mere irregularity raised by the motion to discharge, if the defendant files an answer and proceeds to a trial on the merits. It must be noted that the whole purpose of the affidavit was "precautionary, a pledge of good faith" in the commencement of the suit. It could serve no other purpose than to put the judicial power in motion. Greenwood ct al. v. State, 230 Ala. 405, 161 So. 498; Worthen v. State, 189 Ala. 395, 66 So. 686.

We, therefore, hold that while the verification of the bill was omissive, in not stating that the relators were unwilling to make the required affidavit, yet this irregularity was waived, as a matter of law, by defendant's filing his answer and going to trial on the merits of the case.

We have carefully read and considered the evidence in the case, which was given ore tenus, and we are unable to affirm that the trial court committed error in his conclusion thereon. We are fully persuaded that the evidence fully sustained the allegations of the bill, and that the court properly ordered the abatement of the nuisance as prayed for.

It follows, therefore, that the decree of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.