144 So.2d 58

**BROTHERHOOD OF LOCOMOTIVE FIRE-MEN AND ENGINEMEN et al.**

v.

**James E. HAMMETT.**

**6 Div. 868.**

Supreme Court of Alabama.

Aug. 30, 1962.

Thos. F. McDowell and Geo. S. Brown, Birmingham, for appellee.

Heiss, Day & Bennett, Cleveland, Ohio, Rives, Peterson, Pettus & Conway, Birmingham, for appellants.

**LIVINGSTON, Chief Justice.**

James E. Hammett sued the Brotherhood of Locomotive Firemen and Enginemen, et al., in the Circuit Court of Jefferson County, Alabama, for the wilful and malicious interference with his right to earn a living as an engineer for the Louisville and Nashville Railroad Company. The suit was brought on December 4, 1958 and was docketed as Case No. 39106–X. On the trial of the cause, the jury returned a verdict for Hammett in the amount of $10,000 and judgment was rendered thereon. This Court affirmed that judgment on March 29, 1962, Ala.App., 140 So.2d 832, and thereafter overruled the Brotherhood's application for rehearing.

After obtaining this judgment, Hammett commenced suit against the L. & N. Railroad Company for breach of its contract of employment with the railroad. This suit was also filed in the Circuit Court of Jefferson County, Alabama, and is designated as Case No. 45329–X. On March 8, 1962, there was judgment by consent for $2500 in favor of Hammett in Case No. 45329–X, and which judgment was paid by the L. & N. Railroad on March 20, 1962.

On May 23, 1962, following the consent judgment in Case No. 45329–X, the Brotherhood filed a suit in the Circuit Court of Jefferson County, Alabama, in Equity, seeking an injunction against the collection of the judgment against the Brotherhood in Case No. 39106–X. The trial court issued an ex parte temporary injunction as prayed.

On June 6, 1962, on motion of Hammett, the trial court entered a decree dissolving the temporary injunction on the ground that the bill of complaint in the equity suit was without equity, and also entered a final decree dismissing the bill of complaint. This appeal is from that final decree.

The bill of complaint, which the lower court held to be without equity, was based essentially on three major assertions. The first is, that the judgment against the Brotherhood should be enjoined because it was procured by fraud. The second assertion is, basically, that the payment received on the judgment against the L. & N. Railroad created a bar to recovery on the judgment against the Brotherhood, and hence enforcement of the Brotherhood's judgment should be permanently enjoined; and, third, the appellant complains that the bill should not have been dismissed without a declaration of the rights of the parties since a declaratory judgment, as well as an injunction, were prayed for in the bill of complaint.

■ The first contention based on fraud is without merit.

The appellants contend that in the suit against the Brotherhood, Hammett testified several times that he had no contract of employment with L. & N. Railroad, and therefore his employment relationship was terminable at will.

In the suit against the L. & N. Railroad, Counts A and B of that complaint allege that Hammett had a lifetime employment contract with the railroad. Counts C and B of the complaint further allege that Hammett was covered by the contract between the Brotherhood and the L. & N. Railroad and could only be dismissed for cause.

■ It is true, as appellants suggest, that Hammett's testimony in the suit against the Brotherhood contradicts his complaint

against the L. & N. Railroad. However, even if the court assumes that Hammett's testimony against the Brotherhood was false, nonetheless, generally, false testimony occurring in a trial is no basis for setting aside a judgment obtained in that trial. Ex parte Cade, 220 Ala. 666, 127 So. 154; Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Keenum v. Dodson, 212 Ala. 146, 102 So. 230. Moreover, for aught appearing, Hammett did not testify in the suit against the L. & N. Railroad and was not put to the test of offering testimony to support the allegations of his complaint.

It is the second assertion of the appellants that presents the most difficult aspect of the case. Assuming, as we must here, that Hammett was actually under contract for life with the railroad company, then clearly he had a cause of action for breach of that contract by the railroad, as well as an action against the Brotherhood for interfering with that contract. The L. & N. Railroad is a promisor who has breached his promise and the Brotherhood is a tortfeasor. Neither the promisor nor tortfeasor may defend the suit by Hammett on the theory that the law gives an adequate remedy against the other party. Grobman v. Freiman, 3 Misc.2d 656, 152 N.Y.S.2d 898; Frischman v. Metropolitan Tobacco Co., 199 Misc. 844, 104 N.Y.S.2d 446; Pilurs v. Elco Const. Co., 16 Ill.App.2d 543, 149 N.E.2d 104.

The issue squarely presented in this case is: May Hammett actually recover from both the Brotherhood and the L. & N. Railroad, one in a tort action, the other in a contract action?

Neither of the parties has cited us to a case deciding the question, nor has our diligent search revealed one, in this jurisdiction or any other jurisdiction.

Admittedly, the Brotherhood and the L. & N. Railroad are not joint tort-feasors. They could not have been sued together, as there is a total lack of community of interest. The liability of one is in tort and of the other in contract.

There was a general verdict and judgment against the Brotherhood in which the amount of compensatory damages nor punitive damages was specifically designated. The damages assessed in the case against the L. & N. Railroad were compensatory only.

The appellants insist that the principle applicable to joint tort-feasors should be applied, by analogy, under the circumstances of this case. That is to say, generally, a satisfaction of a claim by one joint tort-feasor satisfies the claim as to all other joint tort-feasors. Appellants also insist that there can be but one satisfaction for one injury. We cannot agree.

In the case before us, the liability of the Brotherhood is in tort, and the liability of the L. & N. Railroad is in contract. The causes of action are entirely different and based on different wrongful acts, although both actions had as an element of damage appellee's loss of his job. The suit against the L. & N. Railroad claimed only compensatory damages, and the suit against the Brotherhood claimed both compensatory and punitive damages. The causes of action were different. The damages were different, and the parties defendant were different.

The case of the City of Birmingham v. Walker, 267 Ala. 150, 101 So.2d 250, 70 A.L.R.2d 464, involved a suit for damages for personal injuries by a city policeman against a tort-feasor. The plaintiff's contract of employment with the city called for leave with pay in the event of injury to the employee. The city paid the policeman $1266.42 in salary while on leave and sought to intervene in the policeman's suit against the tort-feasor. The city attempted to invoke the equitable principle that "the insured has only one claim and is entitled to one payment only," and that there "may not

be double damages for the same wrong." The court there said:

"In the instant case, the payments made by the City to its policeman, Walker, were payments of an obligation the City owed because of its contract with Walker. Those payments were not made to satisfy any obligation due from the tort-feasor to Walker. The City's obligation arose from the contract with Walker, not from the tort of the third party. * * *

"The situation is no different than would be the case if the employee had entered into the same contract provisions with an insurance company as the other contracting party in place of the City. * * *"

The court quoted approvingly the following language from the case of Aetna Life Ins. Co. v. J. B. Parker & Co., 96 Tex. 287, 72 S.W. 168, 580, 621:

" * * * But there is an essential distinction between a liability for loss of property which has been insured and that for damages on account of injuries inflicted upon a person by the negligence of another. In the case of the destruction of property by fire in the first instance the damage or loss which has been caused by the carrier and that indemnified against is identical. It is the value that has been destroyed. But where a person has received personal injuries, caused by the negligence of another, several elements enter into the estimate of damages besides the mere stipulated indemnity for loss of time contracted for in the accident policy, and the loss is by no means identical. In the one there may be included full compensation for mental and physical suffering, loss of time, diminished capacity to earn money, etc., and in some instances punitory damages; while the other is a stipulated sum for loss of time only, which may or may not be full indemnity even for that. The ac-cident policy undertakes to indemnify the insured, whether his injuries are the result of negligence or not, while the person or corporation inflicting the injuries can be held liable only for negligence; and, since so many elements enter into the estimate of the loss in the case of one that do not enter into or from (sic, form) any part of the other, there is wanting that identity of damage or loss that would entitle the insurer to subrogation on payment of the claim against him." 72 S.W. 621, 622.

In other words, the fact that the same injury is covered by contract does not relieve the wrongdoer of the consequences of his misconduct.

In Long v. Kansas City, M. & B. R. Co., 170 Ala. 635, 54 So. 62, it was held that the owner of property destroyed by fire who had received from an insurance company the amount of his loss on a fire policy could nevertheless recover from a railroad company for the negligence destruction of the property.

In Sturdivant v. Crawford, 240 Ala. 383, 199 So. 537, it was held that the fact that an insuror had paid plaintiff for damage resulting to an automobile from an accident did not affect an action against a wrongdoer who had injured the automobile.

In Hill v. Condon, 14 Ala.App. 332, 70 So. 208, it was held that a person whose negligence caused damage to an automobile was not entitled to have the damages reduced because the owner of the automobile who carried accident insurance had been paid in part or in full by the insurance company for the damages done to the automobile.

To the same effect are the cases of Government Street Lumber Co. v. Ollinger, 18 Ala.App. 518, 94 So. 177, cert. den. Ex parte Ollinger, 208 Ala. 699, 94 So. 922, and Allen v. Zickos, 37 Ala.App. 361, 68 So.2d 841.

We hold, therefore, that the bill of complaint is totally lacking in equity, and that the Brotherhood does not have the right to enjoin the collection of the judgment against it, nor does it have the right to have the $2500 paid by the L. & N. Railroad applied as a partial payment on the judgment against Brotherhood, or as a reduction in the amount of the judgment against it.

It is almost axiomatic that a bill without equity will not support an injunction of any character under any circumstances. Pearson v. Duncan and Son, 198 Ala. 25, 73 So. 406, 3 A.L.R. 242; Kimbrough v. Hardison, 263 Ala. 132, 81 So.2d 606; Williams v. Still, 263 Ala. 214, 82 So. 2d 230; Pilcher v. City of Dothan, 207 Ala. 421, 93 So. 16; People's Bank of Mobile v. Lenoir, 204 Ala. 236, 85 So. 487. And in Barran v. Roden, 263 Ala. 322, 82 So.2d 401, it was held that the procedure for testing the equity of a bill of complaint is by motion to dissolve the injunction based on the absence of right to relief as shown by the bill or for want of equity in it.

The court in passing on a motion to dissolve an injunction should pass upon the equity of the bill, and, if without equity, dismiss it. Birmingham Interurban Taxicab Service Corp. v. McLendon, 210 Ala. 525, 98 So. 578.

It is insisted by appellants that under the prayer of the bill the trial court should have declared the rights of the parties.

Ordinarily, this is true, but where, as here, a declaration of rights would have availed the appellants nothing, a lack of such declaration, if error, is error without injury. Supreme Court Rule 45.

The case is due to be, and is, affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.