209 So.2d 219

**E. W. COLEMAN**

v.

**Alberta K. COLEMAN.**

2 Div. 499.

Supreme Court of Alabama.

April 4, 1968.

A. K. Callahan and Geo. W. Nichols, Jr., Tuscaloosa, for appellant.

V. W. Elmore, Gordo, for appellee.

SIMPSON, Justice.

The appellant brought a bill of complaint in the nature of a bill of review in the Circuit Court of Pickens County, seeking to impeach a final decree rendered by that court in an earlier case brought by the appellee against the appellant. The bill alleged that the appellant had filed a plea in abatement in the earlier case which had been ruled upon without notice to the appellant, after which the earlier case proceeded to final decree on a decree pro confesso against the appellant.

In his bill appellant asserted the final decree was obtained in the earlier case by fraud in that the plea in abatement was heard and decided without notice to appellant or his solicitors. On filing his bill, at the request of appellant, the trial court ordered the issuance of a writ of temporary injunction to prevent the appellee from attempting to obtain possession of property which was the subject of the earlier suit.

In response to the bill the appellee filed a pleading moving the trial court "to dismiss said cause and to set aside the temporary injunction order". After a hearing on this motion the trial court decreed "that this cause be and the same is hereby dismissed * * * that the temporary injuctive [sic] relief sought therein be and the same is hereby dismissed and discharged". This appeal followed.

The appellant argues to this court that the appellee's pleading in the lower court was nothing more than a motion to dismiss which has been abolished by Equity Rule 14, Title 7, Code of Alabama, 1940. Appellee's motion sought to have the injunction "set aside". As we said in Pennington v. Birmingham Baseball Club, Inc., 277 Ala. 336, 170 So.2d 410, there must be observance of the distinctions between a motion to dissolve and a motion to discharge. Nothing, however, would be served here by reversing this case merely to have the appellee amend her motion to ask that the injunction be "dissolved" rather than to have it "set aside". Her pleading is sufficient to test the equity of the bill. Title 7, § 1052, Code.

The decree appealed from recites certain facts concerning the proceedings in the earlier case, which facts were not alleged in the bill but appear to have been within the knowledge of the court. These facts would be sufficient to defeat the relief sought by the appellant, but we do not hold that the trial court may dismiss the bill on the basis of matter not alleged in the bill. On motion to dissolve, the equity of the bill must rest on the facts alleged which are presumed to be true. Board of Water and Sewer Commissioners of Mobile v. Spriggs, 274 Ala. 155, 146 So.2d 872.

From our review of the bill of complaint we conclude that the motion to dissolve the injunction was due to be granted for want of equity in the bill. A bill without equity will not support an injunction of any kind, under any circumstances. Board of Water and Sewer Commissioners of Mobile v. Spriggs, supra. We have consistently held that one who seeks relief from a decree of a court of competent jurisdiction must aver and prove that he was himself free from fault or negligence in suffering the decree to be entered. Fuqua v. Spry Burial Ins. Co., 254 Ala. 189, 47 So. 2d 817. Appellant's bill is defective in this regard.

The decree appealed from is hereby modified to state that the motion to dissolve the injunction is granted, rather than dismissal of the bill, so that appellant may have an opportunity to amend if possible to supply the defects in his bill. The injunction ordered by this court on petition of appellant is hereby dissolved.

Modified, reversed, and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ.