MADDOX, Justice.
The trial court granted the plaintiffs’ prayer for specific performance of a contract in which they agreed to purchase a tract of land from the defendants. Defendants claimed the contract was entered into by them while under the mistaken impression that the tract contained twenty-one acres of land when in fact there were some thirty-five acres in the subject tract. Defendants appeal; we affirm.
The issue is whether the trial court abused its discretion in granting specific performance.
Defendants Jack and Jennie Montgomery owned a tract of land in Cullman County through which ran Williamson Road and Bailey Drive. They had owned the property for some three months when they listed part of the property for sale with the Doyle Real Estate Agency in Cullman. The part of the tract they wished to sell was that acreage on the east side of Williamson Road and Bailey Drive. Located on the subject property were two chicken houses, a farrowing house and a hog parlor which were to remain with the property. Jack Montgomery had been told by the previous owner that there were twenty-one or twenty-two acres in the subject property. It was advertised by the real estate agent as containing twenty-two acres.
Plaintiff William Strickland contacted Jack Montgomery and discussed purchasing the property. They then went to the Mont-gomerys’ real estate agent’s office where a sales contract was drawn. Strickland and his wife agreed to purchase the subject property for a price of $41,500. The contract described the land as: “21 acres & 2 chicken houses located at Rt. 5, Box 505, Cullman, AL.” Before the contract was signed, William Strickland had the following added to the terms of the instrument: “This contract of sale to include all land of Jack Montgomery East of Williamson road and East of Bailey’s drive.”
William Strickland testified that he had the clause inserted because there was a question of whether a small strip of land went with the tract, and that clause would clear up any dispute as to what lands were covered by the contract. Jack Montgomery testified that he mistakenly believed at the time the contract was entered into there were twenty-one or twenty-two acres in the tract. When he later learned the tract contained roughly thirty-five acres, he refused to go through with the deal and the Strick-lands filed the instant action for specific performance.
The trial court found, and the evidence is clear, that the parties intended that the Montgomerys would sell, and the Strick-lands would purchase, the subject property for the total sum of $41,500. The parties did not agree that the property would be sold for a certain amount per acre or place a certain value on the buildings. The Montgomerys defended on the grounds, inter alia, that the consideration named in the agreement was agreed upon through mistake, it was out of all proportion to the actual value of the property, there was no meeting of the minds, and therefore, it would be inequitable to enforce such an agreement.
The trial court, sitting in equity, found for the Stricklands and ordered the Mont-gomerys to perform according to the terms of the agreement.
The Montgomerys correctly argue that the controlling rule is that as stated in Board of Water and Sewer Commissioners of the City of Mobile v. Spriggs, 274 Ala. 155, 146 So.2d 872 (1962):
“The equity of the instant bill is rested on the principle which has been referred to by this court as follows:
“ ‘If one of the parties, through mistake, names a consideration that is out of all proportion to the value of the subject of negotiation and the other party realizing that a mistake must have been committed, takes advantage of it and refuses to let the mistake be corrected when it is discovered, he cannot under these conditions claim an enforceable contract. Where there is a mistake that on its face is so palpable as to place a person of reasonable intelligence upon his guard, *1087 there is not a meeting of the minds of the parties, and consequently there can be no contract. 6 R.C.L. page 623, section 42; 12 Amer.Jur. 624, section 133, and cases there cited.’ Ex parte Perusini Const Co., 242 Ala. 632, 636, 7 So.2d 576, 578.”
This Court went on to cite with approval the generally recognized rule that “ ‘[t]he mistake must be so grave a consequence that to enforce the contract as actually made would be unconscionable.’ ” 274 Ala. at 160, 146 So.2d at 876.
It is well settled that neither party to a contract is entitled to specific performance as a matter of right, but the granting or withholding of the equitable remedy rests largely in judicial discretion, directed and regulated by defined rules. Dendy v. Anchor Construction Co., Inc., 294 Ala. 120, 313 So.2d 164 (1975).
We have reviewed the entire record in this proceeding. Although the defendants presented expert testimony that the thirty-five acre tract, with the buildings, was worth $55,000, the record is clear that the property was sold for a fixed sum not expressly calculated according to the acreage involved.
In ordering that the contract be enforced, the trial court found:
“It is evident to the court that we are dealing here with two mature men where one believed that he had found a good buy and the other was intent on selling his property on the east side of the road at a price to him that seemed reasonable. The court is reasonably satisfied from all the evidence that paragraph 5 of the contract was inserted before it was signed by Mr. Strickland and Mr. Montgomery and that it was intended by all concerned to convey by Mr. Montgomery to Mr. Strickland all of the land on the east side of the highway and between Williamson Road and Bailey’s Drive. The court lastly holds from the evidence that the enforcement of the contract is not unconscionable as to the defendants nor that the negligence of the defendants, if any, was excusable.”
“It is the duty of this court to indulge all reasonable presumptions in favor of the trial court’s conclusions when the evidence is heard ore tenus. We cannot substitute our judgment on the effect of the evidence, dealing with the pivotal issue of fact in this case, for that of the Chancellor.” Hyatt v. Compton, 262 Ala. 649, 80 So.2d 650 (1955). We cannot find that the trial court, sitting in equity, abused its discretion in granting specific performance.
The judgment appealed from is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.